

**FILED**

JAN 2 4 2007

CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH DAKOTA
### SOUTHERN DIVISION

| | |
|---|---|
| SCHAAP'S RV TRAVELAND INC., <br><br> Plaintiff, <br><br> vs. <br><br> HEARTLAND RECREATIONAL VEHICLES, LLC <br><br> Defendant. | CIV. #07-_4011_ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, Schaap's RV Traveland Inc., by and through its counsel of record, and for its causes of action against the Defendant, Heartland Recreational Vehicles, LLC, does hereby state and allege as follows:

## PARTIES

1.      Schaap's RV Traveland Inc. ("Schaap's") is a South Dakota corporation with its principal place of business in South Dakota. Schaap's is a recreational vehicle dealer located in Sioux Falls, South Dakota.

2.      The Plaintiff avers on information and belief that Defendant Heartland Recreational Vehicles, LLC ("Heartland") is an Indiana limited liability company with its principal place of business in Elkhart, Indiana.

## JURISDICTION AND VENUE

3.      This is a diversity action between citizens of different States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and because complete diversity exists between the parties.

4.  A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

6.  Schaap's has been a Heartland dealer in good standing for several years and operated a successful recreational vehicle dealership in Sioux Falls, South Dakota.

7.  Schaap's sold two separate lines of Heartland products. Schaap's sold the Big Horn line of products for several years.

8.  Schaap's then acquired the rights to sell Heartland's Sundance line of products.

7.  On or about September 18, 2006, Heartland terminated Schaap's Sundance dealership unfairly, without due regard to the equities of Schaap's, and without just provocation.

8.  Schaap's attempted to return certain Sundance merchandise and parts to Heartland, but Heartland refused, in violation of South Dakota law, to accept this merchandise and parts.

9.  Heartland's actions constitute wrongful termination of Schaap's Sundance dealership in violation of South Dakota law.

10.  Subsequent to Heartland's cancellation of Schaap's Sundance dealership, Heartland offered to purchase back from Schaap's all Sundance merchandise.

11.  Schaap's accepted Heartland's offer to purchase back the Sundance merchandise.

12.  In reliance on this promise, Schaap's moved the Sundance equipment off its sales lot and readied it for shipment. Schaap's also ceased all advertising of Sundance equipment and took further steps to discontinue its Sundance business.

13.  Heartland then refused to honor its promise to buy back the Sundance merchandise.

2

14.    This refusal to buy back the Sundance merchandise damaged Schaap's.

## CAUSES OF ACTION

### COUNT I –VIOLATION OF SDCL § 37-5-3
*Termination of Schaap's Dealership*

15.    The Plaintiff incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16.    Schaap's Sundance recreational vehicle business constitutes a "dealer" under SDCL § 37-5-12.1, and thus Schaap's is entitled to the dealer protections of SDCL § 37-5.

17.    Heartland violated SDCL § 37-5-3 by canceling Schaap's Sundance dealership unfairly without due regard to the equities of Schaap's and without just provocation.

18.    Schaap's has incurred, and continues to incur, substantial damages as a result of the unfair cancellation of its Sundance dealership.

19.    Heartland is liable to Schaap's for these damages pursuant to SDCL § 37-5-4.

### COUNT II- VIOLATION OF SDCL § 37-5-5

20.    The Plaintiff incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21.    Heartland failed to comply with the requirements of SDCL § 37-5-5 with respect to the return of Sundance merchandise. These violations include, but are not limited to, refusing to accept certain merchandise, failure to pay the freight on returned parts, failure to pay handling, packing, and loading allowance to Schaap's.

22.    Heartland is liable to Schaap's for the damages occasioned by these violations pursuant to SDCL § 37-5-8.

3

## COUNT III- BREACH OF CONTRACT

23.     The Plaintiff incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24.     Heartland extended an enforceable promise to Schaap's to purchase back all Sundance merchandise which Schaap's accepted.

25.     Heartland breached that promise by failing to buy back the merchandise.

26.     Heartland's breach damaged Schaap's.

## COUNT IV – PROMISSORY ESTOPPEL

27.     The Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28.     Heartland promised to buy back all Sundance merchandise from Schaap's.

29.     Schaap's substantially and detrimentally relied on this promise to its economic injury in that Schaap's, among other things, moved all Sundance equipment off its sales lot, readied it for shipment and ceased all advertising of Sundance products.

30.     It was foreseeable to Heartland that Schaap's would incur such losses in reliance on Heartland's promise to buy back the Sundance equipment.

31.     Schaap's conduct in reliance on Heartland's promise to buy back all Sundance merchandise was reasonable and justifiable.

## PUNTIVE DAMAGES

32.     The Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.     Heartland has demonstrated reckless and callous indifference to Schaap's statutory rights.

34.    The conduct of Heartland described herein was willful, intentional and in reckless disregard of Schaap's rights constituting implied malice and thereby entitling Schaap's to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1.    Order that the Defendant pay Plaintiff's compensatory and punitive damages;

2.    Order prejudgment and post-judgment interest;

3.    Order that the Defendant pay the Plaintiff's costs reasonably incurred in this action;

4.    Order such other relief as the Court deems just and equitable.

Dated this 24th day of January, 2007.


JOHNSON, HEIDEPRIEM, JANKLOW,
ABDALLAH, & JOHNSON, L.L.P.

BY _____
Steven M. Johnson.
Shannon Falon
P.O. Box 1107
Sioux Falls, SD 57101-1107
(605) 338-4304

*Attorneys for the Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Steven M. Johnson
Shannon Falon